```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHIOMA A. ONWUDIWE,

                    Plaintiff,

-against-

THE CONRAD NY DOWNTOWN; HILTON WORLDWIDE HOLDINGS, INC.,

                    Defendants.

24-CV-06976 (MMG)

**ORDER OF SERVICE**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff Chioma A. Onwudiwe, of the Bronx, New York, who is appearing *pro se*, asserts claims of race, sex, and age-based employment discrimination, as well as claims of retaliation, under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, 42 U.S.C. § 1981, as well as other claims, including comparable claims under the New York State Human Rights Law and New York City Human Rights Law. She sues: (1) The Conrad NY Downtown, a hotel located in New York, New York; and (2) Hilton Worldwide Holdings, Inc., located in McLean, Virginia (collectively, "Defendants").

    By order file on September 19, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. *See* Dkt. No. 5. The Court directs service on Defendants.

**DISCUSSION**

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1]

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have effected

*Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the Complaint on Defendants, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue a summons for each Defendant, and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the Complaint on each Defendant.

If a summons and the Complaint are not served on each Defendant within 90 days after the date that the summonses for Defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs the Clerk of Court to issue a summons for Defendants The Conrad NY Downtown and Hilton Worldwide Holdings, Inc., to complete a USM-285 form with the service address for each of those Defendants, and to deliver all documents necessary to effect service of a summons and the Complaint on those Defendants to the USMS.

---

service until the Court reviewed the Complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

The Court further directs service of a summons and the Complaint on Defendants.

Dated: October 28, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. The Conrad NY Downtown
   102 North End Avenue
   New York, New York 10282

2. Hilton Worldwide Holdings, Inc.
   7930 Jones Branch Dr.
   McLean, Virginia 22102